Case 4:16-cv-01688 Document 17 Filed in TXSD on 09/27/16 Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPHREM EYOB, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-01688 |
| | § | |
| MITSUBISHI CATERPILLAR FORKLIFT | § | |
| AMERICA INC., | § | |
|     *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

This Protective Order governing the production and exchange of confidential information ("Protective Order") establishes a procedure that permits the disclosure of confidential information and maintains the confidentiality of information that may be confidential or competition-sensitive commercial information protected under Federal or state law. Upon motion of the parties for a protective order pursuant to FED. R. CIV. P. 26, **IT IS HEREBY ORDERED** that:

1. All records produced by the parties to this litigation shall be produced subject to the conditions of this Order.

2. Scope. The terms of this Protective Order shall govern the disclosure and use of materials designated as CONFIDENTIAL, including, but not limited to, all documents produced relating to employees' personnel records held by Defendant, business proprietary information relating to Defendant, and financial information relating to both parties. This Protective Order governs the terms, conditions, and restrictions on the production and use of the confidential materials. Materials designated as CONFIDENTIAL shall not be disseminated or be used for any other purpose by the party to whom it is produced beyond the scope necessary for litigation of this action.

1

3.  **Applicability.** This Protective Order applies to the following if designated as confidential: all confidential information, documents and things, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and tangible things produced, and answers to requests for admissions, produced or otherwise disclosed or revealed to any party in this action (including each party's counsel and experts) by any other party or by any third-party who may produce documents pursuant to subpoena.

4.  **Confidential Defined.** For purposes of this Protective Order, "Confidential Information" is that information that is protected from public disclosure under statutory law, common law or otherwise. Information within the public domain and/or accessible by the general public does not fit within the definition of "Confidential Information" as described in this paragraph or the intent of this Protective Order.

5.  **Designation of Confidential Information.** A party disclosing or producing information, documents, or things, in this proceeding which it believes to be confidential under the standards provided herein shall designate and stamp the same as CONFIDENTIAL, but the designation or stamp of CONFIDENTIAL shall not obscure the substance of the Confidential Information that is disclosed or produced. If any Confidential Information is stored on electronic media, the producing party's designation and stamping of the container of the electronic media as CONFIDENTIAL shall apply equally to its contents and all print-outs and copies of print-outs derived from the electronic media as if such contents were designated and stamped separately. The parties agree to use Bates-labels numbering for documents or things produced in this case.

6.  A party receiving information, documents, or things that it believes to be confidential under the standards provided herein may designate the same as CONFIDENTIAL,

and the receiving party shall disclose such CONFIDENTIAL designation to the disclosing party in writing within ten (10) business days of its designation. In this instance, disclosure shall be made by written reference to the Bates-label of the document designated CONFIDENTIAL.

7. A party making a designation under this paragraph shall only designate that material which that party reasonably and in good faith believes is CONFIDENTIAL. If a disclosing party discovers that designated material does not qualify for the level of protection initially asserted, it must promptly notify any receiving party that it is withdrawing or changing the designation. Designation of CONFIDENTIAL shall be made at the time that answers to interrogatories or answers to requests for admission are served; or at the time that tangible things or copies of documents are served to a requesting party.

8. A party claiming that information contained in a deposition transcript is confidential shall advise opposing counsel in writing of the specific pages of the deposition to be treated as CONFIDENTIAL within ten (10) business days after receipt of the final transcript of the deposition or the designating party may designate testimony as confidential on the record during the deposition. The burden of marking documents CONFIDENTIAL at a deposition shall be on the party designating the material as CONFIDENTIAL. Alternatively, information disclosed at a deposition may be designated by any party as CONFIDENTIAL by indicating on the record at the deposition that the specific portions of testimony are so designated and subject to the provisions of this Protective Order. The portions of the deposition testimony containing confidential information shall be stamped CONFIDENTIAL and access thereto shall be limited as provided in paragraph 9 herein. Confidential information shall not lose its CONFIDENTIAL designation simply because the documents are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as

16928934v.1

CONFIDENTIAL. At the request of any party, attendance at depositions may be restricted to Qualified Persons for the deponent if information designated CONFIDENTIAL will likely be disclosed but only for that portion of the deposition where the Confidential Information shall be used.

9. <u>Use of Confidential Information</u>. All information designated CONFIDENTIAL disclosed in this litigation shall be subject to the following restrictions:

    a. Confidential Information shall not be shown or communicated in any way inconsistent with this Protective Order or shown or communicated to anyone other than Qualified Persons as defined in Paragraph 10 below.

    b. Any person receiving Confidential Information under the terms of this Protective Order shall not make disclosure to anyone except as allowed by this Protective Order.

10. <u>Qualified Persons Defined</u>. "Qualified Persons," as used herein, means:

    a. The judges assigned to this case, jury members, court reporters, video equipment operators at deposition, special masters, any judge of an appellate court having jurisdiction over this case, any authorized personnel of such trial courts or appellate courts, and any mediator appointed or retained to mediate this case;

    b. The counsel for the parties and employees of such counsel, whose access to Confidential Information is necessary for the purposes of preparation of pre-trial discovery, court proceedings, trial, appeal, settlement, or administration of this litigation;

4

16928934v.1

c. In-house counsel for a party actively participating in this case and his or her legal staff, whose access to Confidential Information is necessary for the purposes of preparation of pre-trial discovery, court proceedings, trial, appeal, settlement, or administration of this litigation;

d. Third parties retained by counsel for a party or by a party in this litigation as consulting experts or testifying expert witnesses for the purposes of preparation of pre-trial discovery, court proceedings, trial, appeal, settlement, or administration of this litigation;

e. Graphics, translation, design, or trial consulting services (including mock jurors) retained by a party;

f. Employees of Qualified Persons involved, with respect to this case, solely in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data, or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and employees of third-party contractors performing one or more of these functions;

g. Any party in this litigation and their employees or officers whose access to Confidential Information is necessary for purposes of preparation of pre-trial discovery, court proceedings, trial, appeal, settlement, or administration of this litigation;

h. Any actual or prospective witness in this litigation, except that such a person may only be shown Confidential Information during or in

preparation of his or her testimony, and only to the extent necessary for such preparation or testimony; and

    i.    Any other person who is designated as a Qualified Person by written authorization of the party that disclosed the Confidential Information, or by order of this Court, after notice to all parties and opportunity to be heard.

11.    <u>Retention of Copies by the Court and the Parties</u>. The parties, their attorneys and expert witnesses may retain copies of Confidential Information through the end of the litigation. The Clerk of the Court shall retain Confidential Information in the court file or received into evidence by the Court in accordance with the applicable Rules of Judicial Administration. This Protective Order shall remain in effect after the conclusion of this litigation. Within ninety (90) days after the conclusion of this litigation (including any appeal from any judgment) each party must either (1) return to opposing party and/or co-defendants or (2) destroy all Confidential Information; but the attorneys may retain a copy of the Confidential Information in accordance with that attorney's document retention policy.

12.    <u>Filings Made with the Court</u>. When any filing containing Confidential Information is filed in this case, all or that portion of any pleadings, motions, testimony, briefs, or other documents containing such information shall be electronically filed in such a manner that the Confidential Information is identified as being filed under seal. Documents filed under seal shall be filed with the Court electronically in the manner required by S.D. TEX. ADMINISTRATIVE PROCEDURES FOR ECF § 6(B)(2). When filed, Confidential Information shall be reviewed only by a Qualified Person; provided, nothing in this Protective Order shall otherwise prohibit or restrict a party from presenting, using or referring to any such Confidential

6

Information in the form of testimony or documents as part of any pre-trial hearing or other proceeding conducted by the court as long as that party notifies the disclosing party a sufficient period of time prior to offering such Confidential Information so that the disclosing party may ask the Court to make such arrangements as are necessary to ensure (i) that only Qualified Persons are present when such information is disclosed and (ii) that those portions of hearing transcripts or exhibits are appropriately designated as CONFIDENTIAL.

13. <u>Challenging Confidential Designations</u>. A party is not obligated to challenge the propriety of any CONFIDENTIAL designation of information under this Order at the time the designation is made. A failure to do so shall not preclude a subsequent challenge thereto. If subsequent to being furnished any information, document or thing designated as CONFIDENTIAL, a party wishes to challenge any other party's claim of confidentiality based on a good faith belief that the material is not entitled to protection, the objecting party shall give written notice thereof to the party who has made the claim of confidentiality, identifying the information or documents that the objecting party contends are not properly designated as confidential and allow at a minimum ten (10) business days for the designating party to send the objecting party a written response. If the dispute cannot be resolved, the disclosing party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of its written response to the objecting party's challenge, and failure to do so shall constitute a termination of the restricted status of such item. If the party designating the information as CONFIDENTIAL timely makes the motion, the information shall be treated in the manner designated until such time as the Court rules on the motion.

14. <u>Inadvertent or Unintentional Disclosure</u>. Any inadvertent or unintentional disclosure of Confidential Information and privileged material will not be construed as a waiver,

in whole or in part, of (i) any party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential or privileged material disclosed prior or after that date, or (ii) any party's right to designate the Confidential Information under this Protective Order. Upon a request from any disclosing party who has inadvertently produced information that it believes is privileged, each receiving party shall immediately return such privileged material and all copies to the producing party, but the receiving party is not required to produce its work product or attorney client information. This Protective Order does not in any way deprive any party of their right to contest another party's claims to protection for confidential and privileged information.

    15.    <u>Inadvertent Failure to Designate</u>. A producing party's inadvertent failure to designate information as CONFIDENTIAL under this Order shall not waive its rights to subsequently make an appropriate designation, provided that the producing party notifies all receiving parties of the correct designation within ten (10) business days of learning of its inadvertent failure to so designate. A receiving party's use of such information before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order. Upon receiving such notice, the receiving party shall treat such Confidential Information according to its designation under this Order. If the Confidential Information has been distributed in a manner inconsistent with this designation, a receiving party will take the steps necessary to conform distribution to the designation: *i.e.*, returning all copies in its possession of the Confidential Information, but not work product or attorney client information, to Qualified Persons. If distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. If the request is not promptly agreed to in writing, or if there is no response, or if the party deems the

16928934v.1

making of the request to be a futile act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

16. <u>Inadvertent Disclosure Not Authorized by this Order</u>. If Confidential Information protected by this Order is disclosed to any person not authorized to receive such disclosure under this Protective Order, the party responsible for such disclosure shall immediately notify counsel for the producing party of all known, relevant information concerning the nature and circumstances of the unauthorized disclosure. The responsible disclosing party shall promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further unauthorized disclosure or use is made of the material. Unauthorized or inadvertent disclosure does not change the status of confidential information or waive the producing party's right to claim that the disclosed document or information constituted Confidential Information.

17. <u>Admissibility</u>. Nothing contained in this Protective Order, and no action taken under this Protective Order, shall prejudice the right of any party to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Protective Order.

18. <u>Modification</u>. Any party may by written agreement or a motion to this Court, seek a modification of this Protective Order.

19. <u>Sworn Acknowledgments of this Protective Order</u>. With respect to each Qualified Person, except those described in paragraph 10(a), (b), (c), and (g), who is shown or provided Confidential Information, such persons shall, <u>prior</u> to receiving such disclosure, execute a written statement in the form attached hereto as Exhibit "A."

9

20. <u>Additional Court-Prescribed Procedures</u>.  This Court may prescribe additional procedures as it deems reasonable and necessary with respect to Confidential Information during discovery, at any hearing, or at the trial of this case.

SO ORDERED.

SIGNED this 27 day of Sept, 2016

_____
Judge Presiding

AGREED:

By: /s/ *Chris Bell*\* Signed with permission
Chris Bell
State Bar No.: 00783631
1800 St. James Place, Suite 105
Houston, Texas 77056
Phone: (713) 300-5158
Fax: (713) 784-7797
chris@chrisbelllaw.com

**COUNSEL FOR PLAINTIFF
EPHREM EYOB**

JACKSON WALKER L.L.P

By: /s/ *Scott R. McLaughlin*
Scott R. McLaughlin
Fed ID No.: 18138
State Bar No.: 00791234
Attorney-in-Charge
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (Fax)
smclaughline@jw.com

**OF COUNSEL:**
Michael Woodson
Fed ID No.: 1691760
State Bar No.: 24084117
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (Fax)
mwoodson@jw.com

**COUNSEL FOR DEFENDANT
MITSUBISHI CATERPILLAR
FORKLIFT AMERICA INC.**

16928934v.1

# EXHIBIT "A"

16928934v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EPHREM EYOB,<br>    *Plaintiff*,<br><br>v.<br><br>MITSUBISHI CATERPILLAR FORKLIFT<br>AMERICA INC.,<br>    *Defendant*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:16-CV-01688<br>§<br>§<br>§<br>§ |

## NON-DISCLOSURE AGREEMENT

I have been provided access, by counsel for one of the parties to the above lawsuit, to information marked "Confidential." I understand that such designation was made subject to the terms of the Agreed Protective Order in the above lawsuit, of which I have been provided a copy.

If Confidential Information has been physically provided to me, I agree to return or destroy such Confidential Information at the direction of the person providing it to me.

I agree that in all respects I will be bound by and abide by the terms of the Protective Order entered in this case. I will not communicate or show the contents of Confidential Information to any other person (other than persons defined as "Qualified Persons" in the Protective Order), will not make copies of such Confidential Information except as necessary to perform services in this case, and will preserve such Confidential Information as confidential.

This Acknowledgment does not prohibit me from using or disclosing documents or information to which I had access by legitimate means other than by provision from a person bound by the terms of the Protective Order in this action.

_____
Signature

_____
Printed Name

16928934v.1